IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**SHAREE HARRELL**                                                                                   **PLAINTIFF**

**V.**                                **CASE NO. 3:19-CV-3-BSM-BD**

**ANDREW SAUL, Commissioner**
**Social Security Administration**[1]                                                     **DEFENDANT**

### RECOMMENDED DISPOSITION

This Recommended Disposition (Recommendation) has been sent to Judge Brian S. Miller. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

### I. Introduction:

On May 7, 2016, Sharee Harrell applied for disability benefits, alleging disability beginning July 17, 2014. (Tr. at 9) Her claims were denied both initially and upon reconsideration. *Id.* After conducting a hearing, the Administrative Law Judge (ALJ)

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to FED. R. CIV. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

denied her application. (Tr. at 18). Ms. Harrell requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision now stands as the final decision of the Commissioner. Ms. Harrell, appearing *pro se*, filed this case seeking judicial review of the decision denying his benefits.

II. **The Commissioner's Decision:**

The ALJ found that Ms. Harrell had not engaged in substantial gainful activity since the alleged onset date of July 17, 2014. (Tr. at 11) At step two of the five-step analysis, the ALJ found that Ms. Harrell had the following severe impairments: plantar fasciitis and degenerative joint disease. *Id.*

After finding that Ms. Harrell's impairments did not meet or equal a listed impairment (Tr. at 12), the ALJ determined that Ms. Harrell had the residual functional capacity (RFC) to perform the full range of work at the sedentary level, with some additional limitations. (Tr. at 12). She could only occasionally climb ramps and stairs and could never climb ladders, ropes, or scaffolds. *Id.*

The ALJ next found that Ms. Harrell had no past relevant work. (Tr. at 16) At step five, the ALJ relied on the testimony of a Vocational Expert (VE) to find that, based on Ms. Harrell's age, education, work experience and RFC, she was capable of performing work in the national economy as either a telephone marketer or an appointment clerk. (Tr. at 17) Based on this determination, the ALJ held that Ms. Harrell was not disabled. *Id.*

III. **Discussion:**

A.  Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error

and assure that the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

    B.   Ms. Harrell's Arguments on Appeal

Ms. Harrell maintains that substantial evidence does not support the ALJ's decision to deny benefits. She argues that the RFC did not fully incorporate her limitations. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Ms. Harrell's main impairment was foot pain. X-rays from 2015 showed flattening of the arch and Boehler's angle of calcaneus. (Tr. at 261) She had degenerative joint space narrowing but no acute fractures or soft tissue swelling. *Id*. The only other evidence of record consists of three visits to podiatrist Eddy L. Caldwell, D.P.M. Ms. Harrell did not see Dr. Caldwell until 2016, two years into the relevant time period for evaluation of disability. The failure to seek regular and continuing treatment contradicts allegations of disability. See *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997).

Dr. Caldwell noted pes planovalgus with exquisite pain on palpation. (Tr. at 271) He found numerous osseous formations of the left foot. *Id*. He diagnosed tendonitis and osteoarthritis. (Tr. at 273) Dr. Caldwell said that numerous treatments had failed Ms.

Harrell, including arch supports, rest, elevation, heat, and NSAIDs. (Tr. at 271) He prescribed Mobic and Tramadol. (Tr. at 277) Ms. Harrell declined the recommendation for surgery. (Tr. at 277) And, she said she had not been taking Tramadol as prescribed. (Tr. at 32) A failure to follow a recommended course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) The ALJ noted that treatment was conservative, with no pain management, injections, or physical therapy. Likewise, Ms. Harrell admitted that she volunteered for 6.5 hours a week, standing on her feet the entire time. Working generally demonstrates an ability to perform a substantial gainful activity and is inconsistent with complaints of disabling pain. *Naber v. Shalala*, 22 F.3d 186, 188-89 (8th Cir. 1994).

Ms. Harrell also said she could prepare meals, complete light household chores, shop, drive, and attend church. (Tr. at 14-15) Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

Dr. Roger Troxel, M.D., examined Ms. Harrell and found normal range of motion in her ankles. (Tr. at 267) He found no evidence of muscle weakness or gait abnormality. (Tr. at 268) She could stand and walk without assistive devices and walk on her heels and toes. *Id.* Dr. Troxel assessed a mildly decreased ability to walk and stand. (Tr. at 269) One state-agency reviewing physician found Ms. Harrell capable of sedentary work, and the other found her capable of light work. (Tr. at 60, 75) These mild restrictions were contrary to the opinion of Dr. Caldwell, who ruled out work because of Ms. Harrell's foot problems. (Tr. at 276) The ALJ gave Dr. Caldwell's opinion little weight because it was

4

not supported by objective evidence. The ALJ also suggested that Ms. Harrell's daily activities undermined Dr. Caldwell's statement. (Tr. at 15)

A claimant's RFC represents the most she can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining a claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

The ALJ properly noted that Ms. Harrell's treatment was infrequent and conservative. She observed non-compliance and mild objective and clinical examinations. Ms. Harrell could perform a range of daily activities. The ALJ, considering the record as a whole, deferred to the more limited RFC of the state-agency physician, giving Ms. Harrell's complaints the benefit of the doubt. The RFC properly incorporated Ms. Harrell's limitations.[2]

## IV.  **Conclusion:**

There is substantial evidence to support the Commissioner's decision that Ms. Harrell was not disabled. The RFC incorporated all of Ms. Harrell's limitations. The decision, therefore, should be affirmed and the case dismissed, with prejudice.

---

[2] In her brief, Ms. Harrell asserted that depression and anxiety limit her. However, she did not allege mental impairments on her application paperwork. (Tr. at 182) Also, she did not seek any formal psychiatric care or take psychiatric medication. The RFC, accordingly, included no mental limitations.

DATED this 24th day of July, 2019.

                                                        _____
                                                        UNITED STATES MAGISTRATE JUDGE